[ ] AMENDED

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

_____

IN RE:   (1)  Ricshunda Dequilla Crump                    Case No.

       (2)
Debtor(s)                                                 Chapter 13
_____

CHAPTER 13 PLAN
_____

Address: (1)   3034 Oak Allee Street                (2)
        Memphis, TN 38115

PLAN PAYMENT:

    DEBTOR (1) shall pay $ 275.00      ( )weekly, (x)every two weeks, ( )semimonthly, or ( )monthly

        (x)PAYROLL DEDUCTION FROM:                        OR  ( )direct pay
        Express Scripts Pharmacy, Inc.
        6625 West 78th Street
        Bloomington, MN 55439

    DEBTOR (2) shall pay $            ( )weekly, ( )every two weeks, ( )semimonthly, or ( )monthly

        ( )PAYROLL DEDUCTION FROM:                        OR  ( )direct pay


1. THIS PLAN (Rule 3015.1 Notice):

    (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19}     ( )YES   (x)NO

    (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF   (x)YES   ( )NO
        THE COLLATERAL FOR THE CLAIM. [See plan provision #7 and #8]

    (C) AVOIDS A SECURITY INTEREST OR LIENS [See plan provision #12]    ( )YES   (x)NO

2. ADMINISTRATIVE EXPENSES: Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. AUTO INSURANCE:  ( )Included in plan, OR ( )Not included in Plan; Debtor(s) to provide proof of insurance
                at Section 341 meeting.

4. DOMESTIC SUPPORT:  Paid by ( )Debtor(s) directly, ( )wage assignment, OR ( )Trustee to:    Monthly Plan Payment

    _____; ongoing payment begins _____    $_____
                Approximate arrearage:  _____     $_____
    _____; ongoing payment begins _____    $_____
                Approximate arrearage:  _____     $_____

5. PRIORITY CLAIMS:
    _____ Amount: _____     $_____
    _____ Amount: _____     $_____

6. HOME MORTGAGE CLAIMS: ( ) Paid directly by Debtor(s);  OR  ( )Paid by Trustee to:

    _____; ongoing payment begins _____     $_____
                Approximate arrearage:  _____     $_____
    _____; ongoing payment begins _____     $_____

        Approximate arrearage: _____  $_____
7. SECURED CLAIMS:
   [Retain lien 11 U.S.C. 1325(a)(5)    Value of Collateral:    Rate of interest:    Monthly Plan Payment:
   _Nissan Motor Credit_____    _$12,100.00_____    __6.5__%    $____250.00_____
   _____    _____    _____%    $_____
   _____    _____    _____%    $_____

8. SECURED AUTOMOBILE CLAIMS FOR DEBT WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:
   [Retain lien 11 U.S.C. 1325(a)]    Value of Collateral:    Rate of interest:    Monthly Plan Payment:
   _____    _____    _____%    $_____
   _____    _____    _____%    $_____
   _____    _____    _____%    $_____

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:
   _____    Collateral: _____
   _____    Collateral: _____

10. SPECIAL CLASS UNSECURED CLAIMS:    Amount:    Rate of interest:    Monthly Plan Payment:
   _Acima Credit_____    $   750.13_____    _____%    $____15.00_____
   _Progressive Leasing/NPRTO SE, LLC_    _$2065.31_____    _____%    $____35.00_____
   _____    _____    _____%    $_____

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:
   _Navient/US Dept. of Ed/GLELSI_____    (x) Not provided for    OR  ( ) General unsecured creditor
   _____    ( ) Not provided for    OR  ( ) General unsecured creditor

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):
   _____
   _____

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $_____33,455.99_____

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:
   ( ) _____% OR,
   (x) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:
   _Acima Credit_____    (x) Assumes   OR  ( ) Rejects.
   _Progressive Leasing_____    (x) Assumes   OR  ( ) Rejects.

17. COMPLETION: Plan shall be completed upon payment of the above, approximately __60___ months.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISIONS:
   _____
   _____
   _____
   ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE AS STATED IN

PROVISION 19.

_/s/Steven F. Bilsky_____    DATE:___1-22-19_____
Debtor(s) Attorney Signature or Pro Se Debtor(s)' Signature